**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BLAKE INGRAM, JR.,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **DESA, DESA HEATING LLC,** | : | |
| **AND THE HOME DEPOT, INC.,** | : | |
| **Defendants** | : | **NO. 08-1326** |

**MEMORANDUM AND ORDER**

PRATTER, J.                                                                                    MAY 30, 2008

In this products liability action, Plaintiff Blake Ingram, Jr. sued DESA,[1] DESA Heating

LLC and Home Depot, Inc.[2] (collectively, "Defendants") pursuant to state law for injuries he

allegedly sustained from a heater manufactured by DESA Heating LLC and sold by Home Depot.

The injury – severe burns – occurred while Mr. Ingram was at work, and the heater in question

was purchased by his employer for use at the workplace.

Mr. Ingram filed suit in state court, and the Defendants timely removed the case to this

Court.  Mr. Ingram has moved to remand the case to state court on two independent grounds: (1)

the case is non-removable pursuant to 28 U.S.C. § 1445(c), and (2) there is no diversity of

citizenship and, therefore, the Court lacks subject matter jurisdiction.  After the Defendants filed

their response in opposition to the Motion for Remand, Mr. Ingram also moved to amend the

Complaint to add Selective Insurance Company, Mr. Ingram's employer's insurance carrier, as a

plaintiff on the grounds that Mr. Ingram received workers' compensation benefits from Selective

---

[1] According to the Removal Notice, "DESA" is not a legal entity, but rather a trade term used to refer to DESA Heating LLC.  (Removal Notice ¶ 10.)

[2] The Defendants assert that "Home Depot, Inc." should have been sued as "Home Depot USA, Inc."  (Response to Motion for Remand Ex. B ¶ 2.)

and Selective, accordingly, is seeking subrogation damages pursuant to Pennsylvania workers' compensation laws.  Thus, according to Mr. Ingram, Selective is a real party in interest, and the case "arises under" Pennsylvania workers' compensation laws.

As discussed more fully below, the Court will deny the Motion for Remand because the case does not "arise under" Pennsylvania workers' compensation laws, and the citizenship of Selective, an interested non-party, will not be considered for purposes of diversity jurisdiction where the named plaintiff is also a real party in interest.  In the absence of Selective, the requirements of diversity jurisdiction are met.

The Court will also deny the Motion to Amend because joinder of Selective would divest the Court of subject matter jurisdiction, and under the circumstances presented here, in the absence of any evidence of prejudice to any of the parties, nonjoinder of Selective does not require dismissal of the action under Rule 19.

**FACTUAL BACKGROUND**

While at work on February 11, 2006, Mr. Ingram's pants allegedly caught fire when he approached a DESA heater to warm himself, resulting in severe burns.  (Compl. ¶¶ 10, 14-15.) The heater in question allegedly was manufactured by DESA and purchased from Home Depot by Mr. Ingram's employer.  (Id. at ¶¶ 9-12.)  Mr. Ingram is suing DESA, DESA Heating LLC and Home Depot for strict liability, failure to warn and breach of warranties.  (Counts I, II, IV-VII.) He also is suing DESA and DESA Heating LLC for negligent design.  (Count III.)

Selective Insurance Company, Mr. Ingram's employer's workers' compensation carrier, paid Mr. Ingram's workers' compensation benefits.  (Motion to Remand ¶ 4.)  Selective is seeking subrogation damages pursuant to Pennsylvania workers' compensation laws.  (Id. at ¶ 5.)

I.      **Non-Removable Cases Under 28 U.S.C. § 1445**

Pursuant to 28 U.S.C. § 1445, certain types of civil actions may not be removed to federal court even if subject matter jurisdiction otherwise exists.  Among these are civil actions "in any State court arising under the workmen's compensation laws of such State."  28 U.S.C. § 1445(c). These cases "may not be removed to any district court of the United States."  Id.  Whether a claim "arises under" a state's workmen's compensation laws is a question of federal law.  Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 705 (1972) (interpretation of removal statutes question of federal law); Reed v. Heil Co., 206 F.3d 1055, 1059 (11th Cir. 2000) ("Because section 1445 is a federal jurisdiction statute with nationwide application, federal law governs its interpretation.").

Courts[3] have interpreted the phrase "arising under" in § 1445(c) in the same manner as the identical phrase in the federal question statute, which provides that "district courts shall have original jurisdiction of all civil actions *arising under* the Constitution, laws or treaties of the United States."  28 U.S.C. § 1331 (emphasis added).  See, e.g., Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 202-03 (6th Cir. 2004); Ehler v. St. Paul Fire and Marine Ins. Co., 66 F.3d 771, 772-773 (5th Cir. 1995); Humphrey v. Sequentia, Inc., 58 F.3d 1238, 1245-46 (8th Cir. 1995); Wilson v. Lowe's Home Center, Inc., 401 F. Supp. 2d 186, 190 (D. Conn. 2005); Zurich Am. Ins. Co. v. Gen. Motors Corp., 242 F. Supp. 2d 736, 737 (E.D. Cal. 2003).

Under § 1331, a case "arises under" federal law when a "well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief

---

[3] The Third Circuit Court of Appeals has not yet addressed the question of what kinds of claims would be considered "arising under" workmen's compensation laws for purposes of § 1445(c).

necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-8 (1983). Thus, consistent with this interpretation, a civil action "arises under" a state's workmen's compensation laws within the meaning of § 1445(c) if the success of the plaintiff's cause of action depends upon a particular interpretation of the workers' compensation laws, or where the state's workers' compensation laws create the plaintiff's cause of action. Harper, 392 F.3d at 203; Stevens v. Metso Papers USA, Inc., 2007 WL 2789346, at *1 (D. Conn. Sept. 24, 2007); Houston v. Newark Boxboard Co., 597 F. Supp. 989, 991 (D. Wis. 1984).

For example, in Ehler v. St. Paul Fire and Marine Ins. Co., 66 F.3d 771 (5th Cir. 1995), a workers' compensation claimant brought suit in state court to set aside a compromise settlement agreement with his employer's insurer on ground that the claimant signed the settlement agreement after relying on misrepresentations by the insurer's claims representative. The Fifth Circuit Court of Appeals held that Texas common law, not the Texas Workers' Compensation Act, created the plaintiff's cause of action and, therefore, § 1445(c) did not apply. Id. at 772-773. Similarly, in Care v. Reading Hosp. & Medical Center, 2004 WL 728532 (E.D. Pa. Mar. 31, 2004), the district court held that the plaintiffs' claims for negligent supervision did not "arise under" Pennsylvania's Workers' Compensation Act because they were negligence claims, even though such claims may be precluded by the exclusivity provisions of the Workmen's Compensation Act. Id. at *11.

In Stevens v. Metso Paper USA, Inc., 2007 WL 2789346 (D. Conn. Sept. 24, 2007), all six counts brought by the plaintiffs sounded in negligence and product liability. The only aspect of the complaint that mentioned workers' compensation law was the plaintiffs' assertion that the

employer's insurance carrier had paid a certain sum in workers' compensation benefits on behalf of the employer.  The court explained that "[t]his assertion suggests that at some point there may be a question about the distribution of damages that may depend on Connecticut Workers' Compensation Law, but no construction of Workers' Compensation law will be necessary to determine whether plaintiffs will prevail on the merits of their claim."  Id. at *1.  Accordingly, the court held that § 1445(c) did not apply.

In Illinois ex rel. Secretary of Dept. of Transp. v. DeLong's Inc., 57 F. Supp. 2d 639 (C.D. Ill. 1999), an employee sued his employer for injuries he sustained when a chair he used at work collapsed.  The court held that the plaintiff's claim did not arise under Illinois workers' compensation laws because negligence "lacks the no-fault element of Illinois' Workers' Compensation Act and may be adjudicated without any inquiry or interpretation of the Act."  Id. at 641.  Moreover, that court found that the plaintiff's "assertion that [his] claim arises under Illinois' Workers' Compensation Act [wa]s belied by its Complaint," which stated that the action was a negligence action and set forth the elements necessary to maintain a negligence action.  Id. The same is true here.

Mr. Ingram characterizes this action as "arising under" Pennsylvania workers' compensation laws because "Selective Insurance Company, as the workers' compensation carrier[,] is seeking reimbursement of benefits from defendants DESA, DESA Heating LLC, and the Home Depot, Inc. for injuries for which Mr. Ingram received workers' compensation benefits, where the defendants manufactured and/or distributed a product which caused Mr.

Ingram's injuries."  Selective's right to subrogation[4] alone, however, is insufficient to place this case within the scope of § 1445(c) because the causes of action set forth in Mr. Ingram's Complaint do not "arise under" Pennsylvania workers' compensation laws under either of the straightforward tests cited above.

In his Complaint, Mr. Ingram alleges that he was injured at work when a heater manufactured by DESA and purchased from Home Depot ignited his pants.  Mr. Ingram alleges that the DESA Defendants are strictly liable for manufacturing and selling the heater in a defective and dangerous condition and for failure to warn of the heater's dangers, and are liable for negligent design and breach of warranties.  (Compl. Counts I-IV.)  Mr. Ingram also sued Home Depot for strict liability, failure to warn and breach of warranties.  (Counts V-VII.)

Theses claims are unrelated to any workers' compensation cause of action beyond the mere fact that the event and injury occurred at work.  Indeed, the Complaint does not mention Mr. Ingram's purported receipt of workers' compensation benefits, or identify Selective as the

---

[4] Pursuant to Pennsylvania workers' compensation law, to the extent Mr. Ingram recovers damages from the Defendants, Selective may seek reimbursement from Mr. Ingram for the amount it paid in workers' compensation benefits.  Under Pennsylvania law, where the compensable injury is caused in whole or in part by the act or omission of a third party, the employer (or insurer) who has paid compensation benefits to the injured employee is subrogated to the right of the employee against the third-party tortfeasor."  77 P.S. § 671.  An employee in Mr. Ingram's position is required to reimburse a workers' compensation carrier in the amount of workers' compensation benefits which the carrier has paid to the employee in the past.  Mrkich v. Workers' Comp. Appeal Bd., 801 A.2d 668, 674 (Pa. Commw. 2002) ("Where suit is brought and a recovery obtained against a third-party tortfeasor, the employer has a past due lien against that recovery in the amount of the past benefits paid."); Goldberg v. Workers' Comp. Appeal Bd., 620 A.2d 550, 553 (Pa. Commw. 1993); see also Daley-Sand v. West American Ins. Co., 564 A.2d 965 (Pa. Super. 1989) ("Once the insurer has paid a claim to the insured, it may then stand in the shoes of the insured and assert the insured's rights against the tortfeasor.  The right to stand in the insured's shoes and to collect from the tortfeasor once it has paid the insured an amount representing the tortfeasor's debt is called the insurer's right to subrogation.").

real party in interest.  Resolution of the Defendants' liability and Mr. Ingram's damages do not

depend upon any particular interpretation of workers' compensation law.  Rather, Mr. Ingram's

claims – tort, products liability and breach of warranties – are creatures of common law not

created by state workers' compensation laws.  The Pennsylvania workers' compensation statute

does not create any cause of action against a third party; rather, it provides an exclusive remedy

against an employer for work-related injuries.  <u>See</u> 77 P.S. §§ 1, *et seq.*  Indeed, an employee

expressly retains the right to sue a third party who may be liable for his injury.  77 P.S. § 481(b).

That right is a common law right that exists quite apart from the workers' compensation statute.

<u>Mays v. Liberty Mut. Ins. Co.</u>, 323 F.2d 174, 177 (3d Cir. 1963) ("It is beyond dispute that the

Act affects only the legal relations between employer and employee and does not purport to alter

the employee's rights against third parties.").

      Moreover, the type of damages Mr. Ingram seeks – pain and suffering, disfigurement,

decreased earning potential, loss of comfort and humiliation (Compl. ¶¶ 16, 21, 28, 32, 40, 45,

52, 60) – are not compensable under Pennsylvania workers' compensation law.  This is

consistent with Pennsylvania law, which permits an employee to pursue claims against third-

party tortfeasors even after the employee has been paid workers' compensation benefits.  <u>Scalise</u>

<u>v. F.M. Venzie & Co.</u>, 152 A. 90, 92 (Pa. 1930); <u>see also</u> <u>Hillworth v. Smith</u>, 624 A.2d 122, 124

(Pa. Super. 1993) (subrogor-insured not required to prosecute action against third party

tortfeasors in the name of subrogee-insurer).

      Thus, the claims set forth in the Complaint here cannot be said to "arise under"

Pennsylvania workers' compensation laws under any articulated definition of "arising under,"

and therefore removal is not barred by § 1445(c).

II.    **Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction.  <u>Kokkonen v. Guardian Life Ins. Co. of</u> <u>Am.</u>, 511 U.S. 375, 377 (1994).  Under federal law, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).  Section 1332(a)(1) "requires complete diversity between the parties – that is, jurisdiction is lacking if any plaintiff and any defendant are citizens of the same state." <u>Mennen Co. v. Atl. Mut. Ins. Co.</u>, 147 F.3d 287, 290 (3d Cir. 1998) (<u>citing</u> <u>Strawbridge v.</u> <u>Curtiss</u>, 7 U.S. (3 Cranch) 267 (1806)).[5]   Here, the amount in controversy requirement is uncontested; the issue is whether there is complete diversity of citizenship.

For purposes of § 1332, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1) (emphasis added).  The citizenship of a limited liability company for purposes of subject matter jurisdiction is the citizenship of its members.  <u>Shamrock Holdings of</u> <u>California, Inc. v. Arenson</u>, 2005 WL 400198, at *4 (D. Del. Jan. 27, 2005); <u>see also</u> <u>Carden v.</u> <u>Arkoma Associates</u>, 494 U.S. 185, 185 (1990) (holding that citizenship of limited liability partnership "depends on the citizenship of 'all the members'") (citations omitted).

---

[5] The complete diversity requirement is not mandated by the Constitution, <u>State Farm Fire</u> <u>& Casualty Co. v. Tashire</u>, 386 U.S. 523, 530-531 (1967), or by the plain text of § 1332(a).  The Supreme Court "nonetheless, has adhered to the complete diversity rule in light of the purpose of the diversity requirement, which is to provide a federal forum for important disputes where state courts might favor, or be perceived as favoring, home-state litigants.  The presence of parties from the same State on both sides of a case dispels this concern, eliminating a principal reason for conferring § 1332 jurisdiction over any of the claims in the action."  <u>Exxon Mobil Corp. v.</u> <u>Allapattah Services, Inc.</u>, 545 U.S. 546, 553-554 (2005).

Here, Mr. Ingram is a citizen of Pennsylvania.  Selective Insurance Company is a corporation organized under Delaware law with its principal place of business in New Jersey. (Motion to Remand ¶ 7.)  DESA Heating is a limited liability company organized under Florida law with its principal place of business in Kentucky.  (Notice of Removal ¶ 6.)  The sole member of DESA Heating LLC is DESA LLC, a limited liability company also organized under Florida law with its principal place of business in Kentucky.  (Id. at ¶ 7; Response to Motion to Remand Ex. A, ¶¶ 4, 9.)  The sole member of DESA LLC is DHP Holdings II Corp., a corporation organized under Delaware law with its principal place of business in Kentucky.[6]  (Notice of Removal ¶ 7; Response to Motion to Remand Ex. A, ¶¶ 5, 8.)  And finally, both Home Depot, Inc. and Home Depot USA, Inc. are corporations organized under the Delaware law with their principal place of business located in Georgia.  (Notice of Removal ¶ 8; Response to Motion to Remand Ex. B, ¶¶ 3-8; Response to Motion to Amend at 2 n.2.)

The parties are completely diverse if Selective's citizenship is not considered.  If, however, Selective is considered to be a plaintiff, complete diversity does not exist because Selective and Home Depot and DHP Holdings Corp. II share the same state of citizenship – that is, they are all organized under Delaware law.

The Supreme Court has established that "the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy."  Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 460 (1980) (citing McNutt v. Bland, 2 How. 9, 15 (1844)).  Thus, a federal

_____

[6] DESA LLC is also the sole owner and sole member of DESA Speciality LLC, DESA FMI LLC, DESA IP LLC, and HIG DHP Barbados, Ltd.  (Response to Motion to Remand Ex. A ¶ 7.)  All of these entities are organized under the law of, and have their principal place of business in states other than Pennsylvania, New Jersey and Delaware (the three possible states of citizenship of Mr. Ingram and Selective).  (See id. Ex. A, ¶¶ 11, 13-15.)

court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.  Id. (citations omitted).  In other words, "[i]n determining whether diversity jurisdiction exists, the court is not bound by the status of the named [parties] but must inquire as to who is the real party in interest."  DeLong's, 57 F. Supp. 2d at 641 (citations omitted).

A "real party in interest" is the person "who possesses the right to enforce the claim and who has a significant interest in the litigation."  Virginia Elec. & Power Co. v. Westinghouse Elec. Corp., 485 F.2d 78, 83 (4th Cir. 1973).  "Whether a plaintiff is entitled to enforce the asserted right is determined according to the substantive law."  Id.  In a diversity action such as this one, the governing substantive law is the law of the forum state.  Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).  "While the question of in whose name the action must be prosecuted is procedural, and thus governed by federal law, its resolution depends on the underlying substantive law of the state."  Virginia Elec., 485 F.2d at 83.

Here, Selective is a real party in interest because it purportedly paid Mr. Ingram workers' compensation benefits.  However, Mr. Ingram is also a real party in interest because he is suing for damages above and beyond recovery of the workers' compensation benefits.  Thus, Selective's right to subrogation is only partial; Selective may only recover the amount it previously paid in benefits.

Where there is partial subrogation, both the insured and the insurer are real parties in interest and have substantive rights.  Virginia Elec. & Power Co. v. Westinghouse Elec. Corp., 485 F.2d 78, 84 (4th Cir. 1973) ("Where there is partial subrogation, there are two real parties in interest under Rule 17."); Hancotte v. Sears, Roebuck & Co., 93 F.R.D. 845, 846 (E.D. Pa. 1982)

("It is settled law that an insurer, whether it has paid all of the loss or only part of the loss, is a real party in interest under Rule 17(a)."); In re Chi-Chi's, Inc., 338 B.R. 618, 623 (Bkrtcy. D. Del. 2006) ("where there is partial subrogation, both the insured and the insurer are real parties in interest").  In such cases, either party – the subrogee or the subrogor – may sue in their own name.  Nat'l Fire Ins. Co. v. Universal Janitorial Supply Corp., 2006 WL 892291, at *2 (D.N.J. Apr. 6, 2006); Virginia Elec., 485 F.2d at 84.[7]

Thus, because Mr. Ingram is also a bonafide real party in interest, the Court need not consider the citizenship of Selective, who is not a party to this case.  "[W]here the interest of the nominal party is real, the fact that others are interested who are not necessary parties, and are not made parties, will not affect the jurisdiction of the circuit court . . . ."  Little v. Giles, 118 U.S. 596, 603 (1886); see also Lincoln Property Co. v. Roche, 546 U.S. 81, 93 (2005) (citing Knapp v. Railroad Co., 20 Wall. 117, 122 (1874) (federal courts should not "inquir[e] outside of the case in order to ascertain whether some other person may not have an equitable interest in the cause of action")).

In Lincoln, the Supreme Court granted certiorari "to resolve a division among the Circuits on the question whether an entity not named or joined as a defendant can nonetheless be deemed a real party in interest whose presence would destroy diversity."  Id. at 88.  In that case, the issue turned on whether the existence of a potential non-diverse defendant destroyed diversity

---

[7] This is not the case, however, where an insurer-subrogee has paid an *entire* loss suffered by the insured and is the only real party in interest who must sue in his own name.  Virginia Elec., 485 F.2d at 83 (citing United States v. Aetna Casualty & Surety Co., 338 U.S. 366, 380-81 (1949)).  Where an insured has been fully recompensed but appears as a party, the insured is a nominal party only.  Accordingly, the insured's citizenship is not considered for purposes of diversity of citizenship.  Id. at 84 n.8.

jurisdiction.  The Supreme Court said no, stating that "[i]t is not incumbent on the named defendants to negate the existence of a potential defendant whose presence in the action would destroy diversity." Id. at 84, 90.

The Supreme Court distinguished its "decisions employing 'real party to the controversy' terminology in describing or explaining who counts and who can be discounted for diversity purposes" on the grounds that those cases primarily address the practice of naming parties "improperly or collusively" solely to create federal jurisdiction. Id. at 91-92 (citing inter alia 28 U.S.C. § 1359 ("A district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court.")).  Thus, in general, "a court will not interfere with the consequences of a plaintiff's selection in naming parties, unless the plaintiff has impermissibly manufactured diversity or used an unacceptable device to defeat diversity." Id. at 93 (quoting 16 J. Moore et al., Moore's Federal Practice § 107.14[2][c], p. 107-67).

Accordingly, although Selective may be a real party in interest to this litigation, because Mr. Ingram's interest is also real and not merely nominal, Selective's "citizenship" will not be considered for purposes of diversity jurisdiction.  This means that complete diversity exists between the Plaintiff and the Defendants.  Thus, because the amount in controversy requirement is also satisfied, and because removal is not barred by § 1445(c), the Court has subject matter jurisdiction over this action, and the Motion for Remand must be denied.

III.    **Motion to Amend the Complaint to Add Selective as a Plaintiff**

Mr. Ingram also moves to amend the Complaint to add Selective as a plaintiff.  As previously discussed, Selective, as a partial subrogee, has a real and substantial interest in this

12

action.  Joinder of Selective as a plaintiff, however, would destroy diversity because Selective shares the same state of incorporation, and thus the same "citizenship," as Defendants Home Depot and DHP Holdings II Corp.[8]  See 28 U.S.C. § 1332.  The Court must determine whether joinder of Selective under these circumstances is required under Rule 19 of the Federal Rules of Civil Procedure such that the case must be dismissed if Selective cannot be joined.[9]

Rule 19 provides that

> [a] person who is subject to service of process *and whose joinder will not deprive the court of subject-matter jurisdiction* must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1) (emphasis added).  Where, as here, joinder is not feasible because joinder would deprive the court of subject matter jurisdiction, the Court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  Fed. R. Civ. P. 19(b).  The factors for the Court to consider include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:

---

[8] DHP Holdings Corp. II is the sole member and owner of DESA LLC, which, in turn, is the sole member and owner of DESA Heating LLC.

[9] Federal law provides that "[i]f after removal the plaintiff seeks to join additional *defendants* whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e) (emphasis added).  The explicit language of the statute applies only to the joinder of additional *defendants*, whereas here the proposed amendment concerns the joinder of an additional *plaintiff.* Nonetheless, the Court sees no reason to decline to apply the same reasoning to the issue at hand.

> > (A) protective provisions in the judgment
> > (B) shaping the relief
> > (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b)(1)-(4).

Here, while Selective arguably is a feasibly "required" party under Rule 19(a), see Virginia Elec., 485 F.2d at 85 (holding that "a partial subrogee is a person to be joined if feasible under Fed. R. Civ. P. 19(a)") (citing Aetna, 338 U.S. at 381-82), Selective's absence does not require dismissal of this suit under Rule 19(b).

While a partial subrogee *may* bring a suit to recover workers' compensation payments from liable third parties, Nat'l Fire Ins. Co., 2006 WL 892291, at *2, under Pennsylvania law, Selective is not *required* to join as a party in this action in order to preserve its subrogation rights, Smith v. Yellow Cab Co., 135 A. 858, 860 (Pa. 1927).[10]  If not joined as a party, a subrogee will have a lien in the amount of benefits paid against any damages recovered from third parties by the subrogor. Mrkich, 801 A.2d at 674.  Accordingly, courts have held that under Rule 19(b) a partial subrogee such as Selective need not be joined in an action by the subrogor against a third party where joinder would destroy diversity.  See, e.g., Virginia Elec., 485 F.2d 78 (insured may maintain action in absence of partially subrogated insurer where joinder of insurer would destroy diversity); Garcia, 624 F.2d 150 (same).

_____

[10] Indeed, Pennsylvania Rule of Civil Procedure 2002(d) expressly allows a subrogated insurer to prosecute a subrogation action in the name of the insured without the insurer being formally named as a party.  Pa. R. Civ. P. 2002(d).  Section (d) was enacted to avoid possible prejudice to both the insured and insurer which may result from disclosing the insurer's interest in the claim.  Hillworth, 624 A.2d at 124.

14

Rule 19(b)(1) raises the issue of possible prejudice that would result if the party is not joined.  Given the underlying substantive law here, Selective's rights will not be prejudiced by its absence as a formal party in this suit.  Selective will retain its right to subrogation in the form of a lien on any recovery by Mr. Ingram, and there is no indication that Selective's interests will not be adequately represented by Mr. Ingram and his counsel.  Selective has not sought to intervene in this action; it is Mr. Ingram who seeks to amend the Complaint to add Selective as a plaintiff.

In addition, the fact that the attorney representing Mr. Ingram apparently would also represent Selective indicates that Selective and Mr. Ingram are prosecuting this action in concert, and that Selective is exercising control over the litigation.  It also suggests that an agreement has been reached between Mr. Ingram and Selective as to the allocation of any recovery obtained from the Defendants; otherwise, there would be a conflict of interest preventing the same attorney from representing both.  While the precise nature of the relationship or any agreements between Mr. Ingram and Selective in connection with this litigation is unclear (and unnecessary for either the Court or the Defendants to know), the burden is on Mr. Ingram, the moving party, to demonstrate that he cannot adequately represent Selective's interests in this litigation.  He has failed to do so.

Mr. Ingram himself will not be prejudiced by Selective's absence because any damages he recovers will be subject to Selective's subrogation lien whether or not Selective is joined as a party.  And, finally, Selective's absence will not prejudice the Defendants either.  Even without joinder, a partial subrogee such as Selective is generally precluded from bringing a subsequent action against a defendant where a judgment has been rendered in a suit by the subrogor for the entire loss.  See Virginia Elec., 485 F.2d at 84 (citing Aetna, 338 U.S. at 381-82) (where insured

15

sues for the entire loss, res judicata will protect a defendant from a subsequent suit by the subrogated insurer); Pace v. Gen. Elec. Co., 55 F.R.D. 215, 218 (W.D. Pa. 1972 (same).  Thus, Selective's absence will not subject the Defendants to the risk of incurring multiple or inconsistent obligations.  Indeed, here the Defendants oppose joinder of Selective.[11]

Rule 19(b)(3) asks whether a judgment rendered in the person's absence would be adequate.  As previously discussed, under the applicable substantive law, there is no reason the court cannot accord complete relief among the existing parties, and disposition of the action in Selective's absence will not impair or impede Selective's ability to protect its interest.  To the extent Mr. Ingram is awarded any damages, as confirmed above, Selective will have a lien in the amount of any compensation benefits it has paid to Mr. Ingram.

Lastly, Rule 19(b)(4) asks whether Mr. Ingram would have an adequate remedy if the action were dismissed for nonjoinder.  The Defendants concede that Mr. Ingram would; he could proceed against the Defendants in state court, where this action was initially filed.

In sum, the Court concludes that because Mr. Ingram has not demonstrated that his rights or the rights of Selective and the Defendants will be prejudiced by Selective's absence as a formal party in this suit, and because joinder of Selective would destroy diversity and divest this Court of subject matter jurisdiction, the Motion to Amend will be denied.

**CONCLUSION**

Mindful that all doubts concerning the propriety of removal are to be resolved in favor of remand, Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), the Court nonetheless

---

[11] Because there is no indication of any prejudice, the Court need not address whether any prejudice could be lessened or avoided, as required by Rule 19(b)(2).

concludes that removal is appropriate under the circumstances presented here because the requirements for diversity jurisdiction are met.  The Court will deny the Motion for Remand because the case does not "arise under" Pennsylvania workers' compensation laws, and the citizenship of Selective will not be considered for purposes of diversity jurisdiction.

The Court will also deny the Motion to Amend because joinder of Selective would divest the Court of subject matter jurisdiction, and in the absence of any evidence of prejudice to any of the parties, nonjoinder of Selective does not require dismissal of the action under Rule 19.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

17

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BLAKE INGRAM, JR.,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **DESA, DESA HEATING LLC,** | : | |
| **AND THE HOME DEPOT, INC.,** | : | |
| **Defendants** | : | **NO. 08-1326** |

**<u>ORDER</u>**

AND NOW, this 30th day of May, 2008, upon consideration of the Plaintiff's Motion to Remand (Docket Nos. 10 and 11) and the Defendants' response thereto (Docket No. 14), it is hereby ORDERED that the Motion is DENIED.

Upon consideration of the Plaintiff's Motion to Amend (Docket No. 15) and the Defendants' response thereto (Docket No. 15), it is hereby ORDERED that the Motion is DENIED without prejudice to later renew the Motion with proof that the interests of Selective Insurance Company will not be adequately represented by the Plaintiff in this litigation.

BY THE COURT:

<u>S/Gene E.K. Pratter</u>
GENE E.K. PRATTER
United States District Judge